The STATE of Texas, Appellant,

v.

Larry Gene POWELL, Appellee.

No. 05–96–01891–CR.

Court of Appeals of Texas,
Dallas.

Feb. 17, 1998.

---

Donald R. McDermitt, Plano, for Appellant.

Tom O'Connell, Crim. Dist. Atty., McKinney, for State.

Before LAGARDE, MALONEY and MOSELEY, JJ.

## OPINION

LAGARDE, Justice.

The State of Texas appeals the trial court's dismissal of the indictment pursuant to the Interstate Agreement on Detainers Act (IADA). *See* TEX.CODE CRIM. PROC. ANN. art. 51.14 (Vernon 1979). In four points of error, the State contends that the trial court erred in dismissing the indictment because: (1) the 180–day time limit had not expired because appellee had not properly triggered the running of the time under the statute; (2) the delay in bringing appellee to trial was agreed to by appellee or his counsel; (3) the trial court included in its calculations a period of time for which the State was granted a reasonable and necessary continuance by the court; and (4) the IADA is unconstitutional because it violates the doctrine of separation of powers. We sustain the State's first and second points of error and do not reach the State's other points of error. *See* TEX.R.APP. P. 47.1. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

On March 30, 1995, appellee was indicted for theft of property, a 1991 Chevrolet automobile, worth at least $1500 but less than $20,000. At the time, appellee was incarcerated in a federal correctional institution in Texarkana, Texas. In a letter filed February 26, 1996, addressed to the Collin County District Clerk, appellee asked the clerk to send him copies of all documents relating to the charge.[1] He expressed his confusion about how he could be charged in this case and concluded the letter by asking the clerk to send "written conf[i]rmation that your arrest warrant has been recalled and that the matter has been la[i]d to rest." On May 1, 1996, appellee arrived in Collin County pursuant to Collin County's detainer. On May 8, 1996, the trial court appointed counsel for appellee and set the case for announcements on May 21, 1996. On May 21, the case was postponed to May 28, then postponed to May 30, and again to July 29 for a trial before the court. Each of these postponements was agreed to in writing by the prosecutor and appellee's counsel. On July 24, the State filed a motion for continuance that was granted by the trial court on July 29, continuing the case to September 5, 1996. Separate from the State's motion for continuance, appellee's counsel also agreed in writing on July 29 to postpone the case until September 5. On August 29, appellee wrote the trial court informing the court that 120 days had passed since he was placed in Collin County's custody and requesting that the charges be dismissed pursuant to article IV(c) of the IADA. On September 5, 1996, appellee filed another pro se motion to dismiss based on the IADA. At a hearing that same day, appellee told the trial court that he wanted a jury trial instead of a trial before the court. After resetting the case for a jury trial on November 4, 1996, the trial court asked the parties if there were "any other matters to be considered at this time?" Appellee's counsel answered, "No, sir." On September 9, appellee filed an "Inmate Request" and a Collin County Jail Grievance asking that he be released pursuant to article IV(c) of the IADA. In a document dated September 20 and styled "Prisoner Civil Rights—*Denial of Rights,*" appellee demanded that he be released pursuant to the IADA. On October 3, appellee filed another Collin County Jail Grievance complaining that his continued incarceration was illegal under the IADA. In a letter dated September 9 and filed October 3, appellee told the Collin County District Attorney, "Under the IADA the indictment is now void, and the charges are not of any further force or effect."

On October 8, the trial court held a hearing on appellee's motions to dismiss under the IADA. On October 16, the trial court granted appellee's motions pursuant to article IV(c) of the IADA because "a period of 120 days ha[s] elapsed since his arrival in the Collin County Justice Center pursuant to their detainer" and dismissed with prejudice the charges against appellee.

On October 24, the trial court signed an amended order of dismissal. In the amended order, the trial court noted that it had previ-

---

1. The letter reads,
    Collin County District Clerk:
    Please send me copies of any and all documents that you may have regarding an outstanding arrest warrant charging me with Theft and Bond Forfeiture in Collin County.
    The 366th Judicial District Court of Collin County has advised me that there are no records of any arrest or pending case against me for Securing Execution of Document by Deception.
    Please be advised that I Larry Gene Powell, have never been arrested for, nor arraigned for, or had my M[i]randa Warning Rights read to me for any charge of Theft in Collin County. Please explain how it is possible for you to have an outstanding warrant for my arrest at this time charging me with Theft and Bond Forfeiture if I have never been arrested for, nor arraigned for, or had my M[i]randa Warning Rights read to me for any charge of Theft in your county.
    It was my understanding that all charges against me in Collin County have been dismissed. I do not understand how you could possibly have any warrant for my arrest at this time. It is obvious somebody has made a mistake.
    Please send me written conf[i]rmation that your arrest warrant has been recalled and that the matter has been la[i]d to rest.

ously dismissed the case under article IV(c) of the IADA. The court then stated:

> The Court upon reconsideration and further review of all evidence presented at the hearing on October 8, 1996 and after a thorough review of the Court's file now finds that the Pro Se Motion of the Defendant should be granted in accordance with the IADA under Article III, Section (d) rather than Article IV, Section (d) [sic] in that Defendant filed a Motion on February 26, 1996 requesting disposition under the Act and the said period of 180 days has elapsed without any justifiable excuse or delay attributable to the Defendant or the State.

The court then ordered the charges dismissed under article III, section (d) of the IADA.

## INTERSTATE AGREEMENT ON DETAINERS ACT

The IADA provides a mechanism for a person incarcerated in one jurisdiction with charges pending against him in another jurisdiction to be tried on the pending charges before being released from incarceration in the first jurisdiction. *See* TEX.CODE CRIM. PROC. ANN. art. 51.14, art. I (Vernon 1979). Either the defendant or the jurisdiction where charges are pending may demand that the defendant be tried on the pending charges. *Id.* arts. I, III, V.

The IADA provides two forms of protection for defendants. Under article III, a prisoner may make a request for final disposition of the pending case in the other jurisdiction. If the defendant properly makes the request for final disposition, he must be tried for the offense within 180 days or the charge must be dismissed with prejudice. *Id.* art. III(a), (c). Article IV permits a state to request that a defendant imprisoned in another jurisdiction be delivered to it for trial on charges pending in the state; however, the defendant must be tried within 120 days of being brought into the state or the charge must be dismissed with prejudice. *Id.* arts. IV(a), (c).

■ To request final disposition under article III, the defendant must cause "to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." *Id.* art. III(a). The IADA provides that the defendant can perform this requirement by sending the written notice and request for final disposition to the official having custody of him, who forwards it to the appropriate prosecuting official and court by registered mail. *Id.* art. III(b). The defendant may also send the request to the court and prosecutor of the other jurisdiction himself. If he does so, he is responsible for seeing that the notice is sent in the form required by the IADA, i.e., the notice must be sent by registered mail. *Burton v. State*, 805 S.W.2d 564, 575 (Tex.App.—Dallas 1991, pet. ref'd). The 180–day period does not begin until the request for final disposition of charges is actually received by the court and the prosecutor of the jurisdiction where the charges are pending. *Fex v. Michigan*, 507 U.S. 43, 52, 113 S.Ct. 1085, 1091, 122 L.Ed.2d 406 (1993); *Morganfield v. State*, 919 S.W.2d 731, 734 (Tex.App.—San Antonio 1996, no pet.).

■ In its first point of error, the State contends that the trial court erred in determining that the February 26, 1996 "motion" started the running of the 180–day period. The record shows that appellee's February 26 "motion" was a letter addressed to the Collin County District Clerk and was sent by regular first-class mail, not registered mail. Nothing in the record shows that the letter was ever delivered to the trial court or the Collin County District Attorney. Even if this Court assumed that the letter constituted a request for final disposition of the charges pending in Collin County, appellee did not comply with the IADA, and the 180–day deadline did not begin to run at that time. The trial court erred in concluding otherwise. We sustain the State's first point of error.

■ In the State's second point of error, the State contends that the trial court erred

in granting appellee's motion to dismiss because the delay in bringing appellee to trial was agreed to by appellee or his counsel. Assuming that the 180-day period did begin to run on February 26, 1996, we must determine whether the period expired before the trial court dismissed the case on October 24, 1996. We will also consider whether the 180-day period would have expired before November 4, 1996, the day the case was set for jury trial. From February 26, 1996 to October 24, 1996 was 241 days, sixty-one days past the deadline unless the period was tolled. From February 26, 1996 to November 4, 1996 was 252 days, seventy-two days past the deadline unless the period was tolled. Article III(a) provides, "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." TEX. CODE CRIM. PROC. ANN. art. 51.14, art. III(a) (Vernon 1979). Postponements or continuances of the case agreed to by defense counsel toll the 180-day period. *See Bell v. State*, 768 S.W.2d 790, 801 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

The record shows that defense counsel agreed to postponements from May 21 to September 5, a period of 107 days. This period is sufficient to toll the 180-day period to December 9, 1996, well past the date the trial court dismissed the indictment and the day the case was set for jury trial. The trial court erred in concluding otherwise.[2] We sustain the State's second point of error.

Having sustained these points of error, we need not address the State's remaining points of error. TEX.R.APP. P. 47.1. We reverse the trial court's judgment and re-

mand the cause for further proceedings consistent with this opinion.

---

2. We note that even if the trial court had not changed its order from dismissing under article IV of the IADA to article III of the IADA, the result would be the same. Under article IV, the State has 120 days to try the defendant from the time he arrives in the county pursuant to the detainer or the charges must be dismissed. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IV(c) (Vernon 1979). In this case, appellee arrived in Collin County on May 1, 1996. From May 1 to October 24 is 176 days or 56 days past the deadline unless the period was tolled. From May 1 to November 4 is 187 days, or 67 days past the deadline unless the period was tolled. As discussed above, appellee agreed to postponements of 107 days tolling the 120-day period to December 14, which is well past either October 24 or November 4. *See Petrick v. State*, 832 S.W.2d 767, 771–72 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd) (120-day period under article IV of IADA tolled by agreed resettings of case).