LINDLEY V. STATE

NO. 07-00-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 15, 2000

______________________________

KEVIN DEE LINDLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-417,639; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

By one issue, appellant Kevin Dee Lindley argues the trial court erred in denying his motion to dismiss an indictment against him with prejudice because the State failed to bring him to trial on the charges contained in the indictment within the time allotted by Article III(a) of the Interstate Agreement on Detainers Act (IADA), and that dismissal was therefore required under Article V(c).  Based upon the rationale expressed herein, we affirm.

On November 5, 1993, appellant was indicted by a Lubbock County grand jury for the offenses of burglary of a habitation and unauthorized use of a motor vehicle.  Appellant retained attorney William Sowder to represent him.  However, before appellant could be brought to trial for these charges, Mr. Sowder was elected as Lubbock County Criminal District Attorney in November 1994.  Upon taking his office, Mr. Sowder and the Lubbock County Criminal District Attorney’s office were disqualified from prosecuting any cases in which he or any of his partners had previously represented the defendant, including the case at bar.  By an order signed June 16, 1995, the prosecution of this and other cases was assigned to the Attorney General’s office and twelve named assistants were appointed criminal district attorneys 
pro tempore
 in 1995.  Also, as relevant to appellant’s case, an order was signed on June 21, 1995, which substituted Billy D. Price as retained counsel of record for appellant.  Another order was signed on November 20, 1996, which substituted Tracy McKinzie as counsel of record for appellant in place of Billy Price.

On December 23, 1996, appellant, his retained counsel, and the appointed criminal district attorney 
pro tem
 that had been assigned to prosecute appellant’s case appeared in the trial court for a hearing of a plea bargain agreement.  However, this hearing was eventually  postponed because a court reporter was not available.  While they were waiting for a court reporter, a conversation between appellant, his counsel, and the attorney 
pro tem
 took place in which they discussed how the attorney 
pro tem
 had come from the Attorney General’s office in Austin for this particular plea hearing and how she would have to return since a court reporter was not available during this time of year.

While the charges were still pending in Lubbock County, appellant was convicted of felony criminal mischief in Colorado and sentenced to four years confinement.  On December 29, 1998, while confined in Colorado, appellant executed a Request for Final Disposition of Detainer pursuant to the Interstate Agreement on Detainers Act.  
See generally
 Tex. Code Crim. Proc. Ann. art. 51.14 (Vernon 1979).  This request was certified by the Colorado Department of Corrections and two copies were sent by certified mail, return receipt requested, to the Lubbock County District Attorney’s office and to the clerk of the court.  Both of these copies were received and signed for by a Lubbock County employee on January 11, 1999, and were subsequently forwarded to a prosecutor in the Lubbock County District Attorney’s Office who held them until August 9, 1999, at which time the request was forwarded to the criminal district attorney 
pro tem
 assigned to appellant’s case.  Appellant filed a 
pro se
 Motion for Dismissal of Extradition Detainer on September 21, 1999, based upon the State’s failure to comply with the 180-day provision of the IADA.  After a hearing, this motion was denied and appellant entered into a plea agreement which allowed him the right to appeal the trial court’s order denying his motion to dismiss.

By his sole issue, appellant questions whether a request for final disposition under the IADA must be delivered to an attorney 
pro tem
 appointed pursuant to Texas Code of Criminal Procedure article 2.07 when the detainer does not contain information regarding the existence of an attorney 
pro tem
, or whether notice to an otherwise appropriate prosecution office is sufficient under those circumstances.  Based upon the facts presented here, we conclude that appellant’s  request should have been delivered to the attorney 
pro tem
 and that notice to an otherwise appropriate office is not sufficient under these circumstances.  

THE INTERSTATE AGREEMENT ON DETAINERS ACT

The IADA is a congressionally-sanctioned compact between the United States and the states.  Cuyler v. Adams, 449 U.S. 433, 442, 101 S.Ct. 703, 709, 66 L.Ed.2d 641 (1981).  As stated in Article I of the Act, "the policy of the party states and the purpose of the IADA is to encourage the expeditious and orderly disposition of outstanding charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints."   Birdwell v. Skeen, 983 F.2d 1332, 1335 (5
th
  Cir. 1993).  Consistent with this purpose, the IADA permits a state to file a detainer against a defendant residing in a prison in another state, gain temporary custody of the defendant, and prosecute the defendant on the charge that forms the basis of the detainer.  U.S. v. Mauro, 436 U.S. 340, 351-53, 98 S.Ct. 1834, 1842-44, 56 L.Ed.2d 329 (1978).

The IADA also provides a mechanism for a person incarcerated in one jurisdiction with charges pending against him in another jurisdiction to be tried on the pending charges before being released from incarceration in the first jurisdiction.  Tex. Code Crim. Proc. Ann. art. 51.14, art. I (Vernon 1979).  Either the defendant or the jurisdiction where charges are pending may demand that the defendant be tried on the pending charges.  
Id.
 arts.  I, III, V.

ARTICLE III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint. . . 

ARTICLE V

(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

 To request final disposition under article III, the defendant must cause "to be delivered 
to the prosecuting officer
 and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment."  
Id.
 art. III(a) (emphasis added).  The IADA provides that a defendant can perform this requirement by sending the written notice and request for final disposition to the official having custody of him, who would then forward it to the appropriate prosecuting official and court by registered mail.  
Id.
 art. III(b).  The Supreme Court has held that the 180-day provision "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him."  Fex v. Michigan, 507 U.S. 43, 113 S.Ct. 1085, 1091, 122 L.Ed.2d 406 (1993); State v. Powell, 971 S.W.2d 577, 580 (Tex.App.--Dallas 1998, no pet.).  "The inmate bears the burden of demonstrating compliance with the formal procedural requirements of Article III."  U.S. v. Henson, 945 F.2d 430, 434 (1
st
 Cir. 1991); Bryant v. State, 819 S.W.2d 927, 930-31 (Tex.App.--Houston [14
th
 Dist.] 1991, pet. ref'd).  The denial of a defendant's motion to dismiss an indictment under the IADA is a question of law reviewed 
de novo
 and the factual findings underlying that decision are reviewed on a clearly erroneous standard.  United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).

Here, upon initial review, it would appear that appellant has satisfied his burden under the IADA.  Appellant properly completed the request for final disposition and sent it by certified mail to the clerk of the court and to the Lubbock County Criminal District Attorney’s office.  However, although appellant and his retained counsel of record knew  that his former defense counsel had been elected District Attorney and that an attorney 
pro tem
 had been appointed, appellant failed to send his request to the appropriate prosecuting officer--here, the attorney 
pro tem
 appointed from the Attorney General’s office.  

An attorney 
pro tem
 is appointed by the district court in accordance with statutory provisions.  Tex. Code Crim. Proc. Ann. art. 2.07 (Vernon Supp. 2001).  After taking the required constitutional oath of office, the appointee assumes 
all of the duties and powers
 of the elected district attorney and is, for that case, the district attorney.  State v. Rosenbaum, 852 S.W.2d 525, 528 (Tex.Cr.App. 1993) (emphasis added).  Here, because appellant and his retained counsel of record had actual knowledge that an attorney 
pro tem
 had been appointed, it was incumbent upon him to ensure that the appropriate prosecuting officer was notified of his request for disposition.  Having failed to properly notify the prosecuting officer, appellant’s request remained in the information “pipeline”  until August 9, 1999, when the prosecuting officer finally did receive notice of his request and the 180-day provision under the IADA began running.  Under such limited circumstances as these, where the appellant knew of the appointment of an attorney 
pro tem
 and still wished to exercise his rights under the IADA, it became his duty to notify the appropriate prosecuting officer.  Therefore, appellant’s substantial rights under the IADA were not violated.

Also, by his brief, appellant contends that the error in not sending his request to the appropriate prosecuting officer was due to the State of Colorado’s negligence.  This is because the detainer only named the Lubbock County Sheriff’s Office as the prosecuting authority which left the Colorado Department of Corrections to their own surmises as to who and where to send the request.  However, the failure of one state to comply with requirements of the IADA does not require the dismissal of charges in another state.  
Bryant
, 819 S.W.2d at 930.  Moreover, the duty of notifying the appropriate prosecuting officer, in order to invoke the 180-day provision, is specifically placed upon a criminal defendant under the Texas version of the IADA, “after 
he
 shall have caused to be delivered to the prosecuting officer . . . his request.”  Tex. Code Crim. Proc. Ann. art. 51.14, art. III(a) (Vernon 1979) (emphasis added).  And where, as here, a criminal defendant has specific knowledge of the identity of the prosecuting office (the Attorney General’s Office), it becomes more especially incumbent upon the out-of-state criminal defendant to ensure compliance with the statute’s dictates.  Were we to hold otherwise would allow out-of-state criminal defendants to escape prosecution for crimes committed in the State of Texas by circumventing the very laws designed to protect their rights.  

Accordingly, we affirm the judgment of the trial court.

Don H. Reavis

    Justice

Publish.