NO. 07-10-0489-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2011
_____

CARLOS LAMONT FISHER, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 7369; HONORABLE LEE WATERS, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Carlos Lamont Fisher, Jr. challenges his conviction for possessing a controlled substance.[1] He claims that the trial court erred in refusing to dismiss the prosecution as purportedly required by the Interstate Agreement on Detainers Act (the Act). We overrule the issue and affirm the judgment.

---

[1]Appellant was also convicted of assault on a peace officer but has not appealed that conviction.

*Background*

The dispute before us involves the situation where both a Texas prosecutor and appellant sought to have appellant returned to Texas for trial. At the time, appellant was incarcerated in a Missouri prison but had pending against him, in Gray County, Texas, an indictment accusing him of the crime for which he was ultimately convicted. What we are asked to decide is whether the State was obligated to try him within 120 or 180 days of his return to this jurisdiction. Which applied is critical since it could affect whether the trial court was obligated to dismiss the prosecution.

The local district attorney desired to have appellant returned to Texas, and on November 9, 2009, she requested that prison officials in Missiouri deliver him for trial. The request was forwarded via cover letter dated December 3, 2009, to the Eastern Reception, Diagnostic & Correctional Center in Bonne Terre, Missouri. That was supposed to be the prison at which appellant was held. However, he had been moved to another facility in Bowling Green, Missouri. Furthermore, he received, on December 18, 2009, notice that the State of Texas had lodged a detainer against him. This induced him to seek a final dispostion of the Texas charges pending against him. To that end, appellant executed his written request manifesting his desire on December 18th and disclosed therein that the place of his incarceration was the Northeast Correctional Center in Bowling Green, Missouri. Officials in Gray County received the

2

request on or about December 29, 2009.  By January 15, 2010, appellant was back in Texas.[2]

Appellant originally went to trial on June 14, 2010.  That proceeding resulted in a mistrial per appellant's request.  The court began its second trial of him on October 18, 2010.  That is when appellant first broached the matter of the 120-day deadline, contending that the period lapsed before the June 14th trial started.  Thus, he believed that the proceeding should be dismissed.  The trial court disagreed, as do we for several reasons to be explained.

*Authority and its Application*

The Act outlines the procedures used by one state to gain temporary custody over a defendant imprisoned in another state.  *State v. Votta,* 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009).  And, there are two ways in which the transfer of such custody may be initiated.  It may be done via the request of the accused himself or of the "appropriate officer" for the jurisdiction wherein the untried indictment or complaint pends.  TEX. CODE CRIM. PROC. ANN. art. 51.14, arts. III(a), IV(a) (West 2006).  When the "appropriate officer" solicits the transfer, trial "shall be commenced within 120 days of the arrival of the prisoner in the receiving state . . . ." *Id.* art. IV(c).  However, when the prisoner solicits the transfer, statute mandates that he "shall be brought to trial within 180 days . . . ." *Id.* art. III(a).  At issue here is the question of whether appellant had to be tried within 120 or 180 days since both avenues were pursued.  And, according to appellant, in situations like that, the 120-day time limit takes precedence.  The issue is overruled for three reasons.

---

[2]Missing from the record is the actual detainer (or a copy of it) lodged against appellant and the identity of the particular institution with which it was lodged.  Nor is there evidence that a detainer was ever lodged with the prison in Bowling Green.

3

First, appellant's complaint was not preserved for review. As previously mentioned, he did not raise the issue until his second trial even though 120 days expired before the first proceeding began. That is not the type of contemporaneous objection demanded by Texas Rule of Appellate Procedure 33.1. The complaint was not uttered at the earliest or first opportunity after basis for the complaint arose, which would have been before commencement of the June trial. *See King v. State*, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997) (stating that an objection is contemporaneous and satisfies the requirements of Rule 33.1 when it is made at the first opportunity after grounds for it arose). Indeed, the timeliness of appellant's complaint at bar did not even satisfy the parameters mentioned in *Walker v. State,* 201 S.W.3d 841 (Tex. App.–Waco 2006, pet. ref'd). There, the court acknowledged that complaints arising under art. 51.14 of the Texas Code of Criminal Procedure may be waived if not raised before or during trial. *Id.* at 849. Appellant's first trial had ended long before he complained about the lapse of the 120-day period.

Second, nothing in either Article III or IV specifies which controls should both avenues be pursued simultaneously. Moreover, we are told to "liberally construe[]" both provisos. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. IX(a). To add restrictions omitted from the statute falls short of complying with that directive. This is so because liberally construing a statute tends to have the effect of broadening its scope, not restricting it. So, to read the provisions of art. 51.14 in a way that nullifies aspects of it (in this case, the 180-day period) likens more to a strict than liberal construction of the law.

Furthermore, adopting appellant's suggestion that the time restriction in Article IV trumps that in Article III tends to ignore the language of the former. Per Article IV, trial

4

must be had within 120 days if disposition was "made possible" by the procedures outlined in Article IV. *Id.* art. IV(c). A fair reading of that phrase suggests it contemplates a situation wherein the accused's presence in the forum was garnered through the unilateral actions of the requesting state or "appropriate official." No like provision conditions application of the 180-day period in Article III, however. Instead, the period is triggered simply by the accused's request for a final disposition of pending charges; the language does not insinuate that his presence in the foreign state must have been gained through his own efforts. *See id.* art. III(a). So, when the accused also invokes the procedures made available to him under the statute, it is not necessarily true that his presence in the receiving state was "made possible" by the prosecutor's conduct for purposes of Article IV.

Third, the evidentiary record before us illustrates that appellant arrived in Texas via the provisions of art. 51.14, art. III(a), as discussed in the concurring opinion of Justice Campbell.

In sum, we hold that upon invocation of the procedures outlined in Article III by a defendant, he must be tried within the time period prescribed in Article III. This is irrespective of whether or not an "appropriate officer" of a foreign state has also attempted to gain transfer of the individual through Article IV. Couple this holding with eveyone's acknowledgement that appellant's June trial was held within that 180-day period, we cannot but affirm the trial court's refusal to dismiss the proceeding.

Accordingly, we affirm the judgment.

Brian Quinn
Chief Justice

Publish.

5