NO. 07-11-0100-CR
NO. 07-11-0101-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 10, 2012
_____

THE STATE OF TEXAS,

Appellant

v.

ALEJANDRO GUADALUPE GARCIA,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 52,533-E & 52,534-E; HONORABLE DOUGLAS WOODBURN, PRESIDING
_____

***OPINION***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The State appeals the dismissal of the indictments against Alejandro Guadalupe Garcia (appellee). The indictments were so dismissed by the trial court because it concluded that the State failed to try him within the 180-day period designated in the Interstate Agreement on Detainers Act (IADA). TEX. CODE CRIM. PROC. ANN. art. 51.14,

Art. III (West 2006). The State argues before us that it so complied with that deadline and that the trial court erred in holding otherwise. We reverse.

*Background*

The State obtained two indictments against appellee in the year 2006. Through both, he was accused of possessing controlled substances. Before those accusations came to trial, the United States tried and convicted him, and as a result of that conviction, appellee was imprisoned in California. While there, he thrice requested that he be tried for the crimes described in the aforementioned indictments. Two of those efforts were memorialized in letters sent in April of 2008 and June of 2010 to either or both the district or county clerk for Potter County or the Potter County district attorney. The third missive was given the warden of the federal prison in which he was incarcerated; however, notice of that request was not received by the Potter County district attorney until August 13, 2010. Upon receiving the latter, the district attorney caused appellee to be transferred from California to Texas for prosecution.

Trial was scheduled for February 7, 2011. When it convened, appellee moved to dismiss the indictments because more than 180 days had passed since he had sent the June 2010 letter seeking a final disposition. The trial court agreed with appellee and dismissed the indictments.

*Authority and its Application*

The IADA outlines the procedures used by one state to gain temporary custody over a defendant imprisoned in another state. *State v. Votta*, 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009); *Fisher v. State,* No. 07-10-0489-CR, 2011 Tex. App. LEXIS 8286, at *3 (Tex. App.–Amarillo October 19, 2011, no pet. h.). And, there are two ways

2

in which the transfer of such custody may be initiated.  It may be done via the request of the accused himself or of the "appropriate officer" for the jurisdiction wherein the untried indictment or complaint pends.  TEX. CODE CRIM. PROC. ANN. art. 51.14, Arts. III(a), IV(a) (West 2006); *Fisher v. State*, *supra*.  When the "appropriate officer" solicits the transfer, trial "shall be commenced within 120 days of the arrival of the prisoner in the receiving state . . . ." *Id*. Art. IV(c); *Fisher v. State*, *supra*.  However, when the prisoner solicits the transfer, statute mandates that he "shall be brought to trial within 180 days" of his request.  *Id*. Art. III(a); *Fisher v. State*, *supra*.  At issue here is the question of whether appellee was tried within the 180-day period, and the burden to show he was not lay with him.  *Lindley v. State*, 33 S.W.3d 926, 930 (Tex. App.–Amarillo 2000, no pet.).

It is clear that the 180-day period begins after the prosecuting officer and the appropriate court actually receive the written request for a final disposition.  *State v. Votta*, 299 S.W.3d at 134-35; *Lindley v. State*, 33 S.W.3d at 929-30.  It further appears that at least one other item must be received to trigger the deadline; it consists of a certificate from the appropriate officer having custody of the prisoner.

That is, Article III, section (a) of the IADA states that the prisoner's request must be "accompanied by a certificate of the appropriate official having custody of the prisoner stating the term of commitment . . . the time already served, the time remaining . . . on the sentence, the amount of good time earned, the time of parole eligibility. . . and any decision of the state parole agency relating to the prisoner."  TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(a) (West 2006).  And, should that information not be forwarded with the request for final disposition, the 180 day timeline remains dormant. We learn this from the opinion in *Lara v. State*, 909 S.W.2d 615 (Tex. App.–Fort Worth

3

1995, pet. ref'd).  There, the requisite certificate did not accompany the prisoner's request.  Nor was the information normally placed within the certificate included in the prisoner's request itself.  This omission led the reviewing court in *Lara* to hold that the 180-day deadline did not begin to run upon receipt of only the prisoner's written request for disposition.  *Id.* at 618; *accord, Lara v. Johnson*, 141 F.3d 239, 243 (5th Cir. 1998) (holding the same).

Applying *Lara v. State* to the situation at bar, we too note that while appellee personally tried several times to request a final disposition, his letters to Potter County omitted the information specified in art. 51.14, Art. III(a) and are normally sent by the body holding the prisoner.  Furthermore, the missing information was not actually received by the district attorney until August 13, 2010.  So, the requisite deadline did not begin until that date, and trying appellee on February 7, 2011, was timely.[1]

Accordingly, we reverse the order dismissing the indictments and remand for further proceedings.


Brian Quinn
Chief Justice

Publish.

---

[1]This assumes, of course, that the data was also provided the court as mandated by the same statute.  TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(b) (West 2006).  Sending it to either the county or district clerk is not necessarily tantamount to notifying the court.  *In re Fox*, 141 S.W.3d 795, 797 (Tex. App.–Amarillo 2004, orig. proceeding) (holding that notifying the clerk of pending legal matters does not place the trial court on notice of them for purposes of mandamus proceedings).  And, nothing of record shows whether the trial judge actually received notice of both the request for final disposition and the other necessary information until it heard appellee's motions to dismiss.

4