**Affirmed and Opinion Filed December 4, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01460-CR
No. 05-14-01461-CR

**GUADALUPE MARTINEZ III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F06-68467-T & F06-68468-T**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Guadalupe Martinez III appeals his convictions for the aggravated robberies of Amanda Edmiston and Alyssa Acosta. After the jury found him guilty and found he used or exhibited a deadly weapon during the offenses, the trial court assessed punishment in each case at fifteen years in prison to be served consecutively. In five issues, appellant claims the trial court erred by denying his motion to dismiss the indictments, the evidence is insufficient to support his convictions, and the trial court lacked jurisdiction over the cases. We affirm.

On July 20, 2006, after eating lunch at a Wendy's restaurant on Forest Lane, Amanda and Alyssa returned to Amanda's car, an older blue Pontiac Bonneville with Texas license plates. Alyssa sat in the front passenger seat while her friend changed her shoes in the back seat. Appellant walked up, asked the time, then pulled out a gun, and told Amanda to get in the car

and drive. Amanda got in the driver's seat while appellant sat in the back. He told the women they were taking him to Kansas and took their cell phones, although he later returned Alyssa's phone to her. When the women told appellant they were not going with him to Kansas, he "seemed to be okay with that." He dropped them off near an elementary school and drove off in Amanda's car. They contacted the police with the license plate number and description of the car. Later that day, appellant was arrested in Oklahoma driving Amanda's car. Police found a black 380 semiautomatic weapon on the driver's side floor.

That September, appellant was indicted on the two counts of aggravated robbery. In July 2009, a Dallas County detainer was filed on appellant with the Lawton, Oklahoma correctional facility where appellant was confined. In April 2013, appellant sent a "Motion for speedy trial/or dismissal of charges" to the "Court Clerk" in Dallas County. In December 2013, an assistant district attorney for Dallas County sent a request for temporary custody to the warden of the Oklahoma correctional facility where appellant was located, and on March 7, 2014, appellant was booked into the Dallas County jail. A jury found appellant guilty of both offenses and he was sentenced by the trial court.

In his first issue, appellant contends the trial court erred by denying his motion to dismiss the indictments with prejudice because he was not tried within 180 days of the date his written request for final disposition was received.

The Interstate Agreement on Detainers Act outlines the cooperative procedures to be used between states when one state seeks to try a defendant who is imprisoned in the penal or correctional institution of another state. *State v. Votta*, 299 S.W.3d 130, 134–35 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PRO. art. 51.14, Art. I (West 2006). The state with the untried indictment files a detainer with the prison in the state that is holding the defendant; the prison officials are required to promptly inform the defendant that the detainer has been filed and that

–2–

he has the right to request final disposition of the charges. TEX. CODE. CRIM. PRO. art. 51.14, Art. III; *Votta*, 299 S.W.3d at 135. The defendant may request final disposition by giving written notice to the warden, who forwards the request, along with the certificate containing information about the defendant's current confinement, to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction. TEX. CODE. CRIM. PRO. art. 51.14, Art. III; *Votta*, 299 S.W.3d at 135. Alternatively, the defendant may send the request himself; if he does so, he must ensure the notice he sends complies with the requirements of Article III. *Powell v. State*, 971 S.W.2d 577, 580 (Tex. App.—Dallas 1998, no pet.); *Burton v. State*, 805 S.W.2d 564, 575 (Tex. App.—Dallas 1991, pet. ref'd). The defendant must then be brought to trial in the receiving state within 180 days of the date his written request was received unless the trial court grants a continuance under the IADA. TEX. CODE. CRIM. PRO. art. 51.14, Art. III; *see Kirvin v. State*, 394 S.W.3d 550, 555−56 (Tex. App.—Dallas 2011, no pet.) (grant of reasonable or necessary continuance tolls time limits set out in IADA).

Although appellant claims he "caused to be delivered" his request for final disposition on April 24, 2013, we disagree. The record shows a Dallas County detainer was filed on appellant in Oklahoma in July 2009. On April 24, 2013, appellant mailed a letter addressed to the "Court Clerk" at the Frank Crowley Courts Building along with three copies of a "Motion for a speedy trial/or dismissal of charges," citing article I, section 10 of the Texas Constitution and *Smith v. Hooey*, 393 U.S. 374 (1969). Neither of these authorities invokes the IADA, and appellant's correspondence does not otherwise mention the IADA or a request for final disposition. These documents were not sent to the prosecuting officer, nor did they disclose the information required by Article III(a). Because appellant's communication did not comply with the requirements of the IADA, the 180-day deadline was not triggered. *See Burton*, 805 S.W.2d 575 (because notices allegedly sent were not sent by registered or certified mail, return receipt

requested and no notice was sent to district court, appellant never properly "caused to be delivered" request for final disposition and 180–day period never began to run). Under these circumstances, we cannot conclude the trial court erred by denying his motion to dismiss the indictments under Article III of the IADA.

In his second issue, appellant claims the trial court erred by denying his motion to dismiss his indictments under Article IV because the State failed to bring him to trial within 120 days of his arrival in Texas.

Article IV provides that in "respect to any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state." TEX. CODE. CRIM. PRO. art. 51.14, Art. IV(c). The trial court, however, may grant any necessary or reasonable continuance "for good cause shown in open court, the prisoner or his counsel being present." *Id*. Such continuances toll the 120-day deadline. *See Kirvin*, 394 S.W.3d at 555−56.

Here, appellant was booked into the Dallas County jail March 7, 2014, and was appointed counsel three days later. From March 28 until June 6, appellant's legal counsel reset his cases five times. On June 9, new counsel was appointed and the cases were again reset until November 3, 2014. Excluding the dates of the six continuances, the State brought appellant to trial within the 120-day deadline. We conclude appellant's complaint lacks merit and overrule his second issue.

In his third and fourth issues, appellant claims the evidence is legally insufficient to support his convictions. Specifically, he argues the evidence is insufficient to establish he committed theft or attempted theft by obtaining or maintaining control of Alyssa's cell phone and it "is absurd to conclude that anyone could identify" him eight years after the offense occurred.

–4–

We review the question of legal sufficiency of the evidence under well-established standards. We examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Thus, the jury resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic to ultimate facts. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he intentionally, knowingly, or recklessly causes bodily injury to another or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02 (West 2011). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). A person commits aggravated robbery if he uses or exhibits a deadly weapon during the course of robbery. *Id*. at § 29.03(a)(2) (West 2011).

At trial, both Amanda and Alyssa described appellant to the jury and identified him in open court. Each woman confirmed appellant's photograph as the one she had independently selected the day after the incident from the photographic line up prepared by the police. In addition, Deputy Sheriff David Lanman identified appellant as the man he stopped and arrested in Oklahoma. At the time he was stopped, appellant was driving the blue Bonneville that had been reported stolen. Furthermore, Alyssa told the jury appellant took both their cell phones although he later returned hers. Contrary to appellant's assertion, this evidence is sufficient to identify him as the perpetrator and to establish he committed theft by taking Alyssa's cell phone.

Because the evidence is legally sufficient to support appellant's convictions, we overrule his third and fourth issues.

In his final issue, appellant claims the trial court lacked jurisdiction to hear his cases because nothing in the record shows a transfer order between the 204th Judicial District Court, where the indictment was presented, and the 283rd Judicial District Court, where the case was tried. We have previously addressed and rejected this argument concluding that while a specific district court may impanel a grand jury, it does not necessarily follow that all cases returned by that grand jury are assigned to that court. *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). Furthermore, appellant failed to preserve this complaint for review by failing to pursue a plea to the jurisdiction. *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd) (concluding that because lack of transfer is procedural matter, not jurisdictional, appellant waives error on lack of transfer order by failing to file timely plea to jurisdiction). We conclude this issue is without merit and overrule his final issue.

We affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47
141460F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUADALUPE MARTINEZ III, Appellant

No. 05-14-01460-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F06-68467-T.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 4, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GUADALUPE MARTINEZ III, Appellant

No. 05-14-01461-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F06-68468-T.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered December 4, 2015.