**Affirmed and Opinion filed October 30, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00344-CR

**ARTHUR ALEXANDER OFFICE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1380069**

## O P I N I O N

Arthur Alexander Office appeals his conviction for aggravated assault of a family member. He contends that the trial court erred by denying his motion to dismiss his case with prejudice because "his trial was not conducted within 180 days of the State and the trial court receiving Appellant's request to be transferred pursuant to the Interstate Agreement on Detainers Act." Because the trial court did not err in denying appellant's motion to dismiss, we affirm.

**BACKGROUND**

Our recitation of the background of the case is constrained by the appellate record before us. We draw the following from the limited record.

Appellant was indicted on April 24, 2013, of aggravated assault of a family member committed on February 27, 2013. He was released on bond in 2014. Appellant was convicted on federal charges in 2015 and began serving a federal prison sentence in Louisiana. Appellant was at some point "notified by the Federal Bureau of Prisons staff that an outstanding warrant/detainer had been lodged against [him] by Harris County, Texas authorities, and that the warrant/detainer charged Aggravated Assault of a Family Member in violation of Texas law."

Appellant drafted a pro se motion to dismiss the charge for aggravated assault of a family member with prejudice in accordance with the Interstate Agreement on Detainers Act (IADA) on April 6, 2016, which was apparently sent via regular mail to the Harris County District Attorney's Office and file stamped "RECEIVED DISTRICT ATTORNEY'S OFFICE APR 11, 2016."

The record contains an "AGREEMENT ON DETAINERS: FORM VII" dated June 2, 2016, which is "used when an offer of temporary custody has been received as the result of an inmate's request for disposition of a detainer." The form states: "PROSECUTOR'S ACCEPTANCE OF TEMPORARY CUSTODY OFFERED IN CONNECTION WITH A PRISONER'S REQUEST FOR DISPOSITION OF A DETAINER," and is addressed to the warden at the federal correctional facility in Louisiana. The form further states:

> In response to the defendant's request of <u>April 20, 2016</u> and offer of temporary custody regarding <u>Arthur Alexander Office, Inmate No. 44730-379</u> who is presently under an indictment, information or complaint in the <u>177th District Court</u>, <u>Harris County, Texas</u> of which I am an <u>Assistant District Attorney</u>, please be advised that I accept temporary custody and that I propose to bring this person to trial on the

2

indictment, information or complaint named in the offer within the time specified in Article III(a) of the Agreement on Detainers (IAD).

I hereby agree that immediately after the trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, Prosecutor's Report for Disposition of Charges, immediately after trial, and return it to your state with the inmate.

This portion of the form is signed by an assistant district attorney. The last portion of the form is signed by the judge of the 177th Harris County District Court and states:

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) [of the IADA] and that the facts recited herein are correct and that having duly recorded this acceptance, I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.

The record also contains an "AGREEMENT ON DETAINERS: FORM VI" which states that appellant will be taken into custody in Louisiana pursuant to the IADA on September 12, 2016, "for delivery to Harris County, Texas for trial on or about September 14, 2016[,] after completion of the trial, the inmate shall be returned to the sending state." The form then names several police officers who have authority to act for the State of Texas to return appellant to Louisiana. The form is signed by the assistant district attorney assigned to the 177th Harris County District Court. The State sent Forms VI and VII together with a Prosecutor's Certification dated June 29, 2016, to the warden of the federal correctional facility in Louisiana on July 25, 2016, explaining that travel arrangements would be made for appellant.

Appellant was transferred from Louisiana to Harris County on September 9, 2016. Appellant was brought to court, and the trial court signed an order appointing trial counsel on September 14, 2016. On the same order, the trial court ordered the cause set by "operation of law" for an Evidence Exchange Hearing on November 1,

2016, and a Comprehensive Pretrial Conference on December 13, 2016. A Consultation Conference Scheduling Order was signed by the assistant district attorney, appellant, and appellant's trial counsel on September 14, 2016. The order assessed the case as "basic" instead of "expedited" or "complex" and stated that "the undersigned counsel hereby agrees this case is set for" an "Evidence Exchange Hearing on November 1, 2016," and a "Comprehensive Pretrial Conference on December 13, 2016."

Appellant filed a Demand for Trial pursuant to the IADA on September 26, 2016, arguing that he is entitled to a trial within 180 days of "requesting the interstate transfer." Appellant argued that, unless he was granted a trial on or before October 16, 2016, which is 180 days from the date he requested his transfer to Texas on April 19, 2016, the trial court would have to dismiss his case with prejudice. The trial court held a hearing on appellant's motion on September 30, 2016, and signed an order denying trial demand on December 20, 2016.

A case reset form signed December 13, 2016, shows that the comprehensive pretrial conference was reset by appellant to January 30, 2017. Over appellant's objection, the case was reset on January 30, 2017, to February 21, 2017. On February 20, 2017, a jury trial was reset over appellant's objection to March 7, 2017. On March 7, 2017, a jury trial was reset over appellant's objection to March 31, 2017, because another case was being tried in the trial court on that day by "the prosecutor assigned to this case."

Appellant filed a motion to dismiss his case with prejudice pursuant to the IADA on March 31, 2017, arguing that more than 180 days had passed since he requested his transfer to Harris County to resolve the aggravated assault of a family member case. In support of his motion to dismiss, appellant attached a copy of Forms VI and VII; a copy of the Prosecutor's Certification; a copy of the July 25,

4

2016 letter sending Forms VI and VII to the warden in Louisiana and advising him that travel arrangements for appellant will be made; and a copy of a priority mail flat rate envelope addressed by appellant to the Harris County District Attorney's Office and stamped "RECEIVED DISTRICT ATTORNEY'S OFFICE APR 11, 2016," which apparently contained appellant's pro se motion to dismiss drafted April 6, 2016. In that motion, appellant stated that prisoners may demand under the IADA that charges against them be prosecuted within 180 days or be dismissed. Appellant then concluded that, "in conjunction with the (I.A.D.), [he] requests that the warrant/detainer be dismissed with prejudice, so as to preserve the States [sic] resources in the extradition of defendant to Harris County to be better served in a more suitable capacity on another cause."

The trial court held a hearing on appellant's March 31, 2017 motion to dismiss. After hearing arguments, the trial court denied appellant's motion and instructed appellant to decide if he wanted to resolve "this case short of trial" or "we'll go to trial next week." Appellant pleaded guilty on March 31, 2017. Pursuant to a plea agreement, appellant was sentenced to six years' confinement. The trial court certified appellant's right to appeal. Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant argues in his sole issue that the trial court erroneously denied his motion to dismiss because "his trial was not conducted within 180 days of the State and the trial court receiving Appellant's request to be transferred pursuant to the Interstate Agreement on Detainers Act." Appellant argues that Form VII, which was signed by the State and the trial court on June 2, 2016, establishes that the State and the trial court received notice of appellant's request for final disposition on April 20, 2016, thus beginning the 180 day period for commencing trial pursuant to the IADA. According to appellant, the trial court should have ordered a dismissal because the

5

180 day period expired on October 17, 2016, and it "took a total of 346 days for the State to bring the Appellant's case to trial on March 31, 2017 after the State and the trial court received notice of Appellant's request on April 20, 2016."

The State counters that the trial court correctly denied his motion to dismiss because the record does not show that (1) the State and the trial court were provided with appellant's request for a final disposition; and (2) appellant complied with the IADA's requirements.

The IADA is a compact between states that enables a party state to obtain custody of an out-of-state prisoner for prosecution and imposes duties to ensure a prisoner's quick return. *Hopper v. State*, 520 S.W.3d 915, 924 (Tex. Crim. App. 2017). Texas has codified the IADA in the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 51.14 (Vernon 2018); *State v. Votta*, 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009). If a prisoner is serving a term of imprisonment in another state and the State of Texas files a detainer in that other state, both the State of Texas and the prisoner have a right to demand the transfer of the prisoner to Texas for a final disposition of the Texas charge. *Hopper*, 520 S.W.3d at 924-25; *see Votta*, 299 S.W.3d at 134-35.

The parties agree that appellant requested a transfer to Texas and that article III of the IADA therefore is implicated in this case. Under article III, a prisoner may make a request for final disposition of the charges pending against him. *See* Tex. Code Crim. Proc. Ann. art. 51.14, art. III(a). He bears the burden of demonstrating compliance with article III. *Huff v. State*, 467 S.W.3d 11, 24 (Tex. App.—San Antonio 2015, pet. ref'd); *Walker v. State*, 201 S.W.3d 841, 846 (Tex. App.—Waco 2006, pet. ref'd); *see Bryant v. State*, 819 S.W.2d 927, 930-31 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). If a prisoner properly requests final disposition and complies with the statutory requirements in article 51.14, then he must be tried

within 180 days or the charge must be dismissed with prejudice. Tex. Code Crim. Proc. Ann. art. 51.14, art. III(a), (b), (d); *Huff*, 467 S.W.3d at 22; *State v. Powell*, 971 S.W.2d 577, 580 (Tex. App.—Dallas 1998, no pet.); *see also Votta*, 299 S.W.3d at 135. "[T]he 180-day time period in Article III(a) of the IAD[A] does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex v. Michigan*, 507 U.S. 43, 52 (1993); *see also Votta*, 299 S.W.3d at 135; *Powell*, 971 S.W.2d at 580.

To properly request final disposition under article III, a prisoner must "have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." Tex. Code Crim. Proc. Ann. art. 51.14, art. III(a). "The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner." *Id.* "And, should that information not be forwarded with the request for final disposition, the 180 day timeline remains dormant." *State v. Garcia*, 361 S.W.3d 244, 246 (Tex. App.— Amarillo 2012, no pet.); *see Lara v. State*, 909 S.W.2d 615, 617-18 (Tex. App.— Fort Worth 1995, pet. ref'd).

A prisoner may comply with the statutory requirements by either (1) delivering his IADA request to the warden where he is imprisoned to be forwarded to the court and prosecuting attorney of the state which lodged the detainer against him; or (2) delivering his request directly to the court and prosecuting attorney of

that state. *Walker*, 201 S.W.3d at 846; *Burton v. State*, 805 S.W.2d 564, 574-75 (Tex. App.—Dallas 1991, pet. ref'd); *see* Tex. Code Crim. Proc. Ann. art. 51.14, art. III(b). If a prisoner delivers the request to the warden where he is incarcerated to forward the request, then the prisoner's "'only obligation [i]s to show that he notified the appropriate [prison] officials of his desire to [be transferred].'" *Walker*, 201 S.W.3d at 846 (quoting *Burton*, 805 S.W.2d at 575). "Conversely, if the prisoner decides to deliver his transfer request directly to the court and prosecuting attorney of the other state, he is personally responsible to see that the notice is sent by registered or certified mail, return receipt requested, to those authorities." *Id.*; *see Bryant*, 819 S.W.2d at 931; *Burton*, 805 S.W.2d at 575.

A trial court's ruling on a motion to dismiss pursuant to the IADA and whether there has been compliance with the requirements of the IADA is a legal question reviewed *de novo*. *See Kirvin v. State*, 394 S.W.3d 550, 555 (Tex. App.—Dallas 2011, pet. ref'd); *Walker*, 201 S.W.3d at 845; *Lindley v. State*, 33 S.W.3d 926, 930 (Tex. App.—Amarillo 2000, pet. ref'd). Any factual findings underlying that decision are reviewed on a clearly erroneous standard. *Walker*, 201 S.W.3d at 845; *State v. Miles*, 101 S.W.3d 180, 183 (Tex. App.—Dallas 2003, no pet.); *Lindley*, 33 S.W.3d at 930.

Appellant contends that the trial court erroneously denied his motion to dismiss because Form VII establishes that the State and the trial court received notice of appellant's request for final disposition on April 20, 2016, and trial was not conducted within 180 days of receiving his request. Appellant does not point to anything in the record as the actual request for final disposition. It seems appellant's pro se motion to dismiss, signed April 6, 2016, and sent to the District Attorney's Office is the only document in the record that could be considered a request for final disposition. But even though his motion specifically mentions the IADA and article

8

51.14, appellant failed to comply with the requirements of the IADA in several respects. Therefore, the 180 day period under article III of the IADA never began to run.

First, it is debatable whether appellant made a request for final disposition in his April 6, 2016 motion to dismiss when he "request[ed] that the warrant/detainer be dismissed with prejudice, so as to preserve the States [sic] resources in the extradition of defendant to Harris County to be better served in a more suitable capacity on another cause." Assuming for the sake of argument that this constitutes a request for final disposition, the motion was not sent via registered or certified mail, return receipt requested. *See Huff*, 467 S.W.3d at 25-26 (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he failed to send his request by registered or certified mail, return receipt requested so that the 180 day deadline never commenced); *Powell*, 971 S.W.2d at 580 (court of appeals reversed grant of motion to dismiss because defendant failed to comply with the IADA requirements when he sent his request "by regular first-class mail, not registered mail" so that the 180 day deadline did not begin to run); *Burton*, 805 S.W.2d at 575 (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he failed to send his request by registered or certified mail, return receipt requested so that the 180 day deadline never commenced); *see also McNulty v. State*, No. 05-02-00635-CR, 2003 WL 575212, at *2 (Tex. App.—Dallas Feb. 28, 2003, no pet.) (not designated for publication) (same).

Second, there is no evidence in the record that appellant sent his April 6, 2016 motion or any other request for final disposition to the trial court. Therefore, no request was "delivered to the prosecuting officer *and* the appropriate court of the prosecuting officer's jurisdiction" as required by article III. *See* Tex. Code Crim.

Proc. Ann. art. 51.14, art. III(a) (emphasis added); *Burton*, 805 S.W.2d at 575 (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he failed to send his request to the trial court so that the 180 day deadline never commenced); *see also Martinez v. State*, Nos. 05-14-01460-CR & 05-14-01461-CR, 2015 WL 7874210, at *2 (Tex. App.—Dallas Dec. 4, 2015, no pet.) (mem. op., not designated for publication) (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he sent his request to the trial court but not to the prosecuting officer); *McNulty*, 2003 WL 575212, at *2 (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he failed to send his request to the trial court); *Owens v. State*, No. 11-96-397-CR, 1998 WL 34334489, at *2 (Tex. App.—Eastland May 8, 1997, pet. ref'd) (not designated for publication) (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he "failed to deliver his request for final disposition to the trial court").

Third, there is no evidence in the record that appellant's April 6, 2016 motion was "accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner" as required by article III(a). And although appellant's motion provides information about his term of commitment, it does not disclose, as required by article III(a), the time already served, the time remaining on his sentence, good time earned, his parole eligibility, and any decision of the state parole agency. *See* Tex. Code Crim. Proc. Ann. art. 51.14, art. III(a); *Huff*, 467 S.W.3d at 25-26 (trial court properly denied motion to dismiss because

defendant did not comply with IADA requirements when he failed to provide the certificate and the information required to be included therein so that the 180 day deadline never commenced); *Garcia*, 361 S.W.3d at 246 (court of appeals reversed grant of motion to dismiss because defendant did not comply with IADA requirements when he failed to provide the certificate and the information required to be included therein so "the 180 day timeline remain[ed] dormant"); *Lara*, 909 S.W.2d at 617-18 (trial court properly denied motion to dismiss because defendant did not comply with IADA requirements when he failed to provide the certificate and the information required to be included therein so that the 180 day deadline never began to run); *Bryant*, 819 S.W.2d at 930-31 (same); *see also Martinez*, 2015 WL 7874210, at *2 (same); *McNulty*, 2003 WL 575212, at *2 (same).

Based on the record before us, we conclude that appellant failed to comply with the requirements of the IADA, and that the 180 day deadline was not triggered. Therefore, the trial court properly denied appellant's March 31, 2017 motion to dismiss. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/    William Boyce
Justices


Panel consist of Justices Boyce, Donovan and Wise.
Publish — Tex. R. App. 47.2(b).

11