PD-1621&1622-15

PD-1621&1622-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/15/2015 7:29:43 AM
Accepted 12/15/2015 4:18:26 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

**VIKRAM S. CHAUHAN,**
    **APPELLANT**

|  |  |  |
|---|---|---|
| **V.** | **COA NOS.** | **02-14-00252-CR** |
|  |  | **02-14-00253-CR** |
|  | **TRIAL COURT NOS.** | **1248464D** |
|  |  | **1248466D** |

**THE STATE OF TEXAS,**
    **APPELLEE**

**APPEALED FROM CAUSE NUMBERS 1248464D AND 1248466D, IN THE CRIMINAL DISTRICT COURT NUMBER ONE, TARRANT COUNTY, TEXAS; THE HONORABLE ELIZABETH BEACH, JUDGE PRESIDING.**

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX
bill@billraylawyer.com

***ORAL ARGUMENT IS NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

VIKRAM S. CHAUHAN              APPELLANT
     c\o Texas Dept. of Criminal
     Justice, Institutional
     Division, Huntsville, Texas

HONORABLE BRIAN WILLETT        ATTORNEY FOR APPELLANT
                                       AT TRIAL

HONORABLE WILLIAM H. RAY     ATTORNEY FOR APPELLANT
     512 Main Street, Ste. 308          ON APPEAL ONLY
     Ft. Worth, Texas 76102

HONORABLE SHAREN WILSON     CRIMINAL DISTRICT ATTORNEY
     401 W. Belknap Street             TARRANT COUNTY, TEXAS
     Fort Worth, Texas 76102

HONORABLE SAM WILLIAMS       ASSISTANT CRIMINAL
     401 W. Belknap Street             DISTRICT ATTORNEY
     Fort Worth, Texas 76102          TARRANT COUNTY, TEXAS

HONORABLE SARAH BRUNER      ASSISTANT CRIMINAL
     401 W. Belknap Street             DISTRICT ATTORNEY
     Fort Worth, Texas 76102          TARRANT COUNTY, TEXAS

HONORABLE ELIZABETH BEACH    JUDGE, CRIMINAL DISTRICT
     401 W. Belknap Street             COURT NUMBER ONE
     Fort Worth, Texas 76102          TARRANT COUNTY, TEXAS

HONORABLE LISA McMINN        STATE PROSECUTING
     P.O. Box 13046                      ATTORNEY
     Austin, Texas 78711

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                                    2

INDEX OF AUTHORITIES                                              4

STATEMENT CONCERNING ORAL ARGUMENT                               6

STATEMENT OF THE CASE                                            6

STATEMENT OF THE PROCEDURAL HISTORY                              7

GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE                                     8

    THE TRIAL COURT ERRONEOUSLY ALLOWED
    APPELLANT TO BE TRIED IN VIOLATION OF THE
    INTERSTATE AGREEMENT ON DETAINERS ACT,
    ART. 51.14, CODE OF CRIMINAL PROCEDURE

GROUND FOR REVIEW NUMBER TWO                                     13

    TRIAL COUNSEL WAS INEFFECTIVE FOR NOT URGING
    SUBSTANTIAL COMPLIANCE WITH THE INTERSTATE
    AGREEMENT ON DETAINERS

PRAYER                                                          17

CERTIFICATE OF SERVICE                                          17

CERTIFICATE OF COMPLIANCE                                       18

# INDEX OF AUTHORITIES

Cases                Page

*Birdwell v. Skeen, 983 F.2d 1331 (5th Cir.1993)* — 9

*Cannon v. State, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984)* — 14

*Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985)* — 9

*Cuyler v. Adams, 449 U.S. 433, 442, 101 S.Ct. 703, 709, 66 L.Ed.2d 641 (1981)* — 9

*Ex Parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991)* — 14

*Ex parte Menchaca, 854 S.W.2d at 131* — 14

*Ex Parte Scott, 581 S.W.2d 181, 182 (Tex.Crim.App. 1979)* — 13

*Fex v. Michigan, 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993)* — 9

*Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984)* — 15

*Jackson v. State, 766 S.W.2d 504, 508 (Tex.Crim.App. 1985)* — 14

*Jackson v. State, 766 S.W.2d 518 (Tex.Crim.App. 1988)* — 14

*Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994)* — 15

*Kirvin V. State 394 S.W.3d 550, at 555 (Tex.App.–Dallas 2011, no pet.)* — 9

*McFarland v. State, 928 S.W.2d at 500* — 13

*Murray v. Carrier, 106 S.Ct. 2639, 2649(1986)* — 14

*State vs. Chesnut, No. 06-13-00107-CR, (Tex.App.– Tyler, February 12, 2014, no pet.)* — 10

*State v. Powell, 971 S.W.2d 577 (Tex.App.–Dallas 1998, no pet.)*     *11*

*Strickland v. Washington, 446 U.S. 668 (1984)*     *13*

*United States v. Cronic, 104 S.Ct. 2039, 2046 n. 20 (1984)*     *14*

*United States v. Hall, 974 F2d 1201 (9th Cir. 1992)*     *12*

*Walker v. State, 201 S.W.23d 841 (Tex.App.–Waco 2006, no pet)*     *11*

Statutes

*Article 51.14, Code of Criminal Procedure*     *8*

*Interstate Agreement of Detainers Act*     *8*

*Title 18, U.S.C, Appendix*.     *8*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.

## STATEMENT OF THE CASE

This is an appeal from two felony convictions for the offenses of Aggravated Robbery with a Deadly Weapon. Appellant was charged in two indictments with the offenses of Aggravated Robbery with a Deadly Weapon. CR-7 in both cases. The cases arose out of the same transaction and were tried at the same time.

The jury found Appellant guilty in each case. CR, Pages 180-185 [1248466D], Pages 188-193 [1248464D]; RR-5, Pages 103-104.

Appellant elected for the jury to assess punishment. The jury set punishment at twenty years in the Institutional Division of the Texas Department of Criminal Justice in each case, with no fine. CR, Pages 180-185 [1248466D], Pages 188-193 [1248464D]; RR-6, Pages 30-33.

On direct appeal, Appellant presented two points of error, which alleged: (1) The trial court erroneously denied Appellant's request to have his cases resolved within 180 days after notice to the court and State, in violation of the Interstate Agreement on Detainers Act; and (2) Appellant received ineffective assistance of counsel in that trial counsel erroneously refused to present Appellant's IADA request.

On direct appeal, the Court of Appeals for the Second Appellate District in Fort Worth affirmed Appellant's conviction. The opinion was not designated for publication.

Appellant timely filed a motion for rehearing in the Court of Appeals, which was denied.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on June 25, 2014. Notice of Appeal was timely filed. Appellant timely filed his brief in the Court of Appeals on February 6, 2015. The State timely filed its brief on May 15, 2015.

The case was submitted to the Court of Appeals, with oral argument, on September 1, 2015. The Court of Appeals affirmed Appellant's conviction on October 29, 2015. That opinion is not designated for publication.

Appellant timely filed a motion for rehearing, which was denied by the Court of Appeals on November 25, 2015.

This Petition for Discretionary Review is timely filed.

# GROUND FOR REVIEW NUMBER ONE

## THE TRIAL COURT ERRONEOUSLY ALLOWED APPELLANT TO BE TRIED IN VIOLATION OF THE INTERSTATE AGREEMENT ON DETAINERS ACT, ART. 51.14, CODE OF CRIMINAL PROCEDURE (IADA)

The Defendant was tried in violation of the *Interstate Agreement of Detainers Act, Article 51.14, Code of Criminal Procedure* also codified at *Title 18, U.S.C. Appendix*.

*Article III of the Act, "IADA"*, which is the relevant portion of the statute when the prisoner is the initiator of the request, states as follows:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provide that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

> (b) The written notice an request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prison to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

**Article IX of the act states in relevant part:**
**This agreement shall be liberally construed so as to effectuate its purposes.**

The IADA is a congressionally sanctioned compact between the United States and the states, including Texas. The IADA may be invoked by either the prisoner or the State. *Kirvin V. State 394 S.W.3d 550, at 555 (Tex.App.–Dallas 2011, no pet.)* The IADA's interpretation is a question of federal law. *Cuyler v. Adams, 449 U.S. 433, 442, 101 S.Ct. 703, 709, 66 L.Ed.2d 641 (1981)*. *Birdwell v. Skeen, 983 F.2d 1331 (5ᵗʰ Cir.1993)*. Thus, the Court must use Federal, not Texas rules to interpret the Agreement. *Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985)*. The language of the IADA reveals that the 180-day period does not commence until the prisoner has caused the proper officials to *receive* the request; that is, when the prosecutor has obtained the request. This is particularly so, since the key word in the 180-day provision is "delivered," not "sent," as used in subsection b, or "executed." *Birdwell, supra, at 1337*; See *Fex v. Michigan, 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993)*.

Appellant sent all the required documents pursuant to *Article III of the IADA* directly to the trial court and State. Appellant, in the Motion for New Trial hearing, showed the trial court written notice of his place of imprisonment, the only certificate Appellant could obtain from the prison authority stating the term of commitment under which he was being held, the time served, the time remaining to

be served, the amount of good time earned, and the time of parole eligibility. (Defendant's Exhibit 1 and 15, RR-Supp-2, Pages 9-10 and 32-45; RR-Supp-3, Pages 25-28 and 101-104). Both the trial court and the Tarrant County Criminal District Attorney received these items well over 180 days before Appellant was tried. This fact is not in dispute.

*Specifically,* Appellant's Request for Disposition of Indictments, Information, or Complaints in Accordance to **Article III of the Interstate Agreement on Detainers**, with all the required exhibits, was filed over 180 days before the State even started its own process to obtain Appellant's presence for trial. The State was aware of Appellant's request on July 9, 2013, at 8:36 a.m, when the document was viewed by an employee of the Criminal District Attorney's Office. This fact was stipulated to by the State. Defendant's Exhibit 7, RR-Supp-3, Page 83, RR-Supp-2, Page 12. In this case the time from when the court and district attorney knew of the request (delivery date as indicated by the Tarrant County District Clerk file stamp of July 1, 2013, viewed by District Attorney employee on July 9, 2013) was at least eleven months, well over 180 days before trial.

The Defendant can notify the trial court directly of this request and does not have to go through the prison system. ***State vs. Chesnut, No. 06-13-00107-CR,***

*(Tex.App.– Tyler, February 12, 2014, no pet.)*; *State v. Powell, 971 S.W.2d 577*

*(Tex.App.–Dallas 1998, no pet.)*; *Walker v. State, 201 S.W.23d 841*

*(Tex.App.–Waco 2006, no pet)*.

The Court of Appeals held that Appellant's request was improper because it did not request a "final disposition" in the prayer of the document, (although the title of Appellant's third request of five pro se motions on this subject filed did in fact request a "final disposition"), and did not have a statutorily required certification *from the warden,* Appellant had failed to properly put the trial court and state on notice. Opinion, at pages, 4-6.

Only when the notice is delivered by the prisoner to the warden of his facility who *in turn* notifies the trial court and prosecutor does it have to be sent certified mail. See *Art. III (a), IADA*. The State in its responses and arguments to the trial court, and its Proposed Findings of Fact, which were adopted by the trial court, relied incorrectly on the assertion that Appellant was required to send items to the court and then again to the prosecutor via certified mail. CR, Page 365 [1248464D]; CR, Page 360 [1248466D]. However, the IADA does not state that. Further, the items were actually sent certified mail (Defendant's Exhibits 5 and 6, RR-Supp-2, Pages 11-12, RR-Supp-3, Pages 82-83) and received, filed, and provided to the State, who reviewed them.

The State presented evidence that it had brought Appellant to trial pursuant to *Article IV of the IADA*. While this is true, the problem is that the time had already run on Appellant's *Art. III, IADA* request.

Appellant submits that the trial court's decision to deny his Motion for New Trial was clearly erroneous. See *U.S. vs. Hall, 974 F2d 1201 (9th Cir. 1992)*.

There was no circumstance to justify the length of the delay, and the delay did not occur in any form due to any neglect or act of the Defendant. Appellant requested counsel and was not afforded counsel for over seven months.

This Court has not directly reviewed the process, specifically, whether the receipt of the request by the State and trial court, regardless of its naming, is sufficient to trigger the IADA, or considered the requirement which directs that the IADA be liberally construed to effect its purposes as required by Art. IX, IADA, which was presented to both the trial court and Court of Appeals. RR-Supp-2, Pages 124-125. Appellant submits that this is the first time all these issues are before this Court, and requests that this Honorable Court hear his Petition for Discretionary Review.

Appellant respectfully requests that this Court reverse the decision of the trial court and vacate the judgments of the trial court and Court of Appeals and order prosecution barred pursuant to the *Interstate Agreement on Detainers Act*.

## GROUND FOR REVIEW NUMBER TWO

**TRIAL COUNSEL WAS INEFFECTIVE FOR NOT URGING
APPELLANT'S REQUEST FOR DISMISSAL OF CHARGES PURSUANT
TO THE INTERSTATE AGREEMENT ON DETAINERS ACT (IADA)**

In *Strickland v. Washington, 446 U.S. 668, 104 S.Ct. 2052, 2065 (1984)*,

the U.S. Supreme Court held that in ineffective assistance of counsel cases, the

defendant must prove that his trial counsel's representation was deficient, and the

deficient performance was so serious that it deprive him of a fair trial. *Id., at 687*.

Counsel's representation is deficient if it falls below an objective standard of

reasonableness. The Defendant must show a reasonable probability but for

counsel's unprofessional errors, the result of the proceeding would have been

different.

The assessment of whether a defendant received effective assistance of

counsel must be made according to the facts of each case. *Ex parte Scott, 581

S.W.2d 181, 182 (Tex.Crim.App. 1979)*. Any allegation of ineffectiveness must be

firmly founded in the record, and the record must affirmatively demonstrate the

alleged ineffectiveness. *McFarland v. State, 928 S.W.2d 482, at 500

(Tex.Crim.App. 1996)*. Failure to make the required showing of either deficient

performance or sufficient prejudice defeats the ineffectiveness claim. *Id*. Absent

both showings an appellate court cannot conclude the conviction resulted from a

---

breakdown in the adversarial process that renders the result unreliable. *Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993)*. Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Cannon v. State, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984)*. An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Ex Parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991)*. It is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance. *Jackson v. State, 766 S.W.2d 504, 508 (Tex.Crim.App. 1985)* (failure of trial counsel to advise appellant that judge should assess punishment amounted to ineffective assistance of counsel) (modified on other grounds on remand from U.S. Supreme Court, *Jackson v. State, 766 S.W.2d 518 (Tex.Crim.App. 1988)*). See also *Ex parte Felton, 815 S.W.2d at 735* (failure to challenge a void prior conviction used to enhance punishment rendered counsel ineffective). This position finds support in opinions of the United States Supreme Court, which has also held that a single egregious error can sufficiently demonstrate ineffective assistance of counsel. *Murray v. Carrier, 106 S.Ct. 2639, 2649(1986)*; *United States v. Cronic, 104 S.Ct. 2039, 2046 n. 20 (1984)*. When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be

highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984)*. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland v. Washington, supra; Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994)*.

Trial counsel, Brian Willett, refused to present the matter to the court. At a hearing on June 24, 2014, the day of trial, the trial court conducted a hearing and the Defendant voiced his request for trial counsel to present and argue all the aforementioned motions to the court. Mr. Willett stated to the trial court that in his opinion, the motions and requests the Defendant made were without merit. Defense Exhibit 8, (Motion for New Trial hearing.) Had trial counsel presented this matter to the trial court, the Defendant submits that the outcome would have been different. Specifically, the trial court would have dismissed the Defendant's cases.

The result might have been different if he had presented Appellant's requests, according to trial counsel. Trial counsel thought Appellant had to send the documents certified mail. There is no requirement, but even so, Appellant did send the documents certified. If trial counsel had known that *Article 51.14, C.C.P.* was required to be interpreted liberally, substantial compliance could have been a

viable option, and trial counsel admitted that could have changed his position in the matter and how he proceeded in handling Appellant's *Article 51.14* requests. RR-Supp-2, Pages 71-72.

The outcome would have been different if trial counsel had presented the claims made by Appellant.

The Court of Appeals held that since Appellant's first point of error was not meritorious, the ineffectiveness of counsel claim for not presenting Appellant's IADA point at trial was moot. Opinion at pages 6-7. Appellant submits that should this Court find the first point of error meritorious, that this Court either review his claim of ineffectiveness or remand it to the Court of Appeals for consideration.

For these reasons, Appellant submits that his trial counsel provided ineffective assistance of counsel.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court vacate his convictions and order the prosecution dismissed, and find trial counsel ineffective for not presenting his arguments, or alternatively, remand the causes to the Court of Appeals for consideration of Appellant's second ground for review.

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX
bill@billraylawyer.com

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the office of Ms. Sharen Wilson, Tarrant County Criminal District Attorney, on the date of this document's filing.
I certify that a true copy of Appellant's Petition for Discretionary Review was placed in the United States Mail addressed to Appellant, in the Texas Department of Corrections, on the date of this document's filing.
I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that this Petition for Discretionary Review filed in this case, has 3299 words contained therein. This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-14-00252-CR**
**NO. 02-14-00253-CR**

VIKRAM S. CHAUHAN                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NOS. 1248464D, 1248466D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Vikram S. Chauhan was convicted by a jury of two counts of aggravated robbery. Appellant argues that the trial court erroneously allowed Appellant to be tried in violation of the Interstate Agreement on Detainers Act (IADA). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

On September 8, 2011, Appellant was indicted on two counts of aggravated robbery with a deadly weapon committed on July 7, 2011. On November 14, 2011, while out on bond, Appellant robbed a bank. He was convicted of the bank robbery in federal district court and sentenced to sixty-six months' confinement in federal prison.

On February 7, 2013, Appellant received notice that Tarrant County had lodged a detainer on him for the two aggravated robbery charges. Between July 1, 2013, and December 27, 2013, Appellant filed five pro se motions seeking dismissal of the charges. The State claimed that all five motions were defective and inadequate to invoke the IADA. On March 20, 2014, Appellant was transferred from federal prison to the Tarrant County jail.

A jury trial was held on Appellant's aggravated robbery cases in June 2014. The jury found Appellant guilty of both counts and assessed punishment at twenty years' confinement on each count. The trial court sentenced Appellant accordingly and ordered the sentences to run concurrently. Appellant filed a motion for new trial arguing that he was tried in violation of the IADA. The trial court denied the motion, and this appeal followed.

## The IADA

The IADA is a congressionally-sanctioned compact between the federal government and the states. *See Alabama v. Bozeman*, 533 U.S. 146, 148, 121 S. Ct. 2079, 2082 (2001) (citing 18 U.S.C. app. § 2). It creates uniform and

2

cooperative procedures to be used for lodging and executing a detainer when one state seeks to obtain temporary custody of and prosecute a prisoner in another state or federal facility. *Id.* Texas adopted the IADA in code of criminal procedure article 51.14. *See* Tex. Code Crim. Proc. Ann. art. 51.14 (West 2006); *State v. Votta*, 299 S.W.3d 130, 134–35 (Tex. Crim. App. 2009).

When an IADA-party state has an untried indictment, information, or complaint against the prisoner, it files a detainer with the institution in the state that is holding the prisoner. *Votta*, 299 S.W.3d at 135. The prison is required to promptly inform the prisoner that a detainer has been filed against him and that he has the right to request final disposition of the charges. Tex. Code Crim. Proc. Ann. art. 51.14 art. III(c); *Votta*, 299 S.W.3d at 135. The prisoner, in order to invoke the IADA, "shall have cause[] to be delivered to the prosecuting officer and the appropriate court of the prosecuting office's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." Tex. Code Crim. Proc. art. 51.14, art. III(a). The prisoner's written request must also be accompanied by

> a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

*Id.*

3

"The prisoner bears the burden of demonstrating compliance with the procedural requirements of article III." *Walker v. State*, 201 S.W.3d 841, 846 (Tex. App.—Waco 2006, pet. ref'd) (citations omitted). Once the prisoner meets the requirements under Article III(a), then the prisoner must be brought to trial in the receiving state within 180 days from the date on which the prosecuting officer and the appropriate court receives the written request for a final disposition, unless a continuance is granted under the IADA. *Id.*; *Votta*, 299 S.W.3d at 135. If the prisoner is not brought to trial within 180 days, the trial court must dismiss the indictment with prejudice. Tex. Code Crim. Proc. Ann. art. 51.14, art. III(d); *Votta*, 299 S.W.3d at 135.

## Appellant's motions

In Appellant's first point, he argues that he was tried in violation of article III of the IADA. As discussed above, Appellant must properly request a final and speedy disposition under the IADA for the act's requirements to apply. We must therefore determine whether Appellant's motions meet the statutory requirements necessary to invoke the IADA.

Under the IADA, Appellant is first required to request a final disposition of his indictments before he requests dismissal of the indictments. Tex. Code Crim. Proc. art. 51.14, art. III(a). Appellant's third motion is the only motion that uses

4

the term "final disposition."[2] But Appellant's third motion, despite the title including a "request for disposition of indictments," does not actually request a final disposition of the indictments. The motion states, "[Appellant] is now imprisoned in the Federal Correctional Institution . . . , and pursuant to the detainer lodged against [him] . . . , that a request for final disposition *shall be made* to the above referenced . . . causes against [him]." [Emphasis added.] Appellant goes on to claim that the 180-day period in which the State was required to bring him to trial had already passed, that he had filed a "Motion to Dismiss for violations of the Speedy Trial Act," and that "[w]hen the Petitioner's right to a speedy trial has been violated, dismissal is 'the only possible remedy.'" [Citations omitted.] The prayer of Appellant's third motion likewise only requested the dismissal of his indictments. Appellant's third motion therefore did not request a "final disposition" of the indictments as required by the IADA, but a dismissal based on the State's alleged failure to comply with the IADA deadline. *See Votta*, 299 S.W.3d at 137 ("Appellee's motion to dismiss the charges was not proper notice to the district court of his request for disposition."). Absent a proper request for a final disposition, the IADA time period had not begun to run, and dismissal was not mandated. *See id.*

---

[2]Both parties agreed during oral argument that Appellant's third motion was the most relevant in determining whether Appellant's filings were statutorily adequate to invoke the IADA.

5

Furthermore, none of Appellant's filings were accompanied by the statutorily required certification from the prison warden of the prison in which he was serving his federal sentence. A request for dismissal of the indictments must include the required documentation to sufficiently invoke the IADA. *See State v. Chesnut*, 424 S.W.3d 213, 218 (Tex. App.—Texarkana 2014, no pet.) (holding that a prisoner complies with his obligations under the IADA when he mails a "proper request for final disposition *along with all the required documentation*") (emphasis added); *Lara v. State*, 909 S.W.2d 615, 617–18 (Tex. App.—Fort Worth 1995, pet ref'd) (holding that appellant's proper request for disposition alone, unaccompanied by a certificate from the official having custody of him, was insufficient to invoke the IADA). Even viewing all five of Appellant's pro se filings together, the motions are still inadequate to invoke the IADA. Because Appellant's motions did not invoke the IADA, the 180-day period did not start, and Appellant was not tried in violation of the IADA. We overrule Appellant's first point.

## Ineffective assistance of counsel

In his second point, Appellant argues that his trial counsel rendered ineffective assistance by not moving to dismiss the underlying charges for the alleged violation of the IADA. Appellant's second point of error is based solely on the first point of error, and he acknowledged in oral argument that if the first point of error is overruled, then no grounds exist to support the second point of error.

6

Because we have overruled Appellant's first point, we overrule Appellant's second point.

## Conclusion

Having overruled Appellant's points, we affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2015

7



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NOS.  02-14-00252-CR
## 02-14-00253-CR

VIKRAM S. CHAUHAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1248464D, 1248466D

----------

## ORDER

----------

We have considered "Appellant's Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of October 29, 2015 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED November 25, 2015.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

2

FILE COPY